UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHARLES A. GREEN,

    Petitioner,

v.                                                                       Case No. 1:22cv271-AW-HTC

RICKY D. DIXON,

    Respondent.

_____/

REPORT AND RECOMMENDATION

Petitioner Charles A. Green, through counsel, filed a petition under 28 U.S.C. § 2254, raising two (2) grounds challenging his conviction for robbery in the Eighth Judicial Circuit Court for Alachua County Case No. 2018 CF 749. Doc. 1. After considering the petition, the record, the state's response, Doc. 6, and Petitioner's Reply, Doc. 8, the undersigned recommends the petition be DENIED without an evidentiary hearing.

I.     BACKGROUND

    A.     **Offense and Conviction**

Petitioner was convicted of robbing a man who had Asperger's Syndrome by tricking his way into the man's car, borrowing his cell phone and refusing to return it, and forcing the man to withdraw sums of money from various ATMs around

Gainesville. At trial, the victim testified that, late on the night of March 6, 2018, the victim got off work at a local grocery store and stopped at a convenience store, where he was approached by Petitioner, whom he had never met. Doc. 6-4 at 170. The victim testified Petitioner badgered him several times for a ride, and the victim finally accepted and agreed to drive him a short distance down the road. *Id.* Eventually, the Petitioner convinced the victim to drive past the agreed destination and then asked to borrow the victim's cell phone and refused to return it. *Id.* at 172. The victim, who testified he had high-functioning Asperger's Syndrome, repeatedly pleaded with Petitioner to get out of the car, but Petitioner refused and forced the victim to go to various locations and withdraw funds from the victim's bank account from several ATMs. *Id.* at 180. The victim also testified that Petitioner smoked narcotics throughout the encounter using a glass pipe later found in the victim's vehicle. *Id.* at 185.

The victim testified he cooperated because he "didn't know what [Petitioner] was capable of" and was "in fear that physical violence would be inflicted" on him and, in fact, "was preparing for it throughout the entire night." *Id.* at 180 & 182. Eventually, the victim's father became concerned because the victim had not gotten home and was not answering his phone, so he contacted the police. *Id.* at 159-61. Police were able to track the victim's phone and find the car, with the victim sitting in the driver's seat and Petitioner standing next to the driver's door. *Id.* at 204-05.

The police arrested Petitioner, searched the car, and found the glass pipe in the car. *Id.* at 219. The pipe tested positive for crack cocaine. *Id*.

Defense counsel filed two motions *in limine*, seeking to exclude evidence of Petitioner's drug use and evidence of the victim's Asperger's Syndrome, both of which were denied in open court. Doc. 6-4 at 123-30. Also, the State presented a plea offer to Petitioner under which he would serve five years to resolve this and another pending case,[1] but Petitioner declined the plea offer. *Id.* at 6 & 297. In fact, before the start of jury selection, with the Petitioner present, Judge Jaworski (who presided over jury selection for Judge Colaw, who was going to be the judge who would conduct the trial, sentencing, or any change of plea hearing) asked whether any prior offers were made known to the defendant. *Id.* at 6. Defense counsel explained the five-year offer and that they "respectfully reject that offer." *Id*. The judge then asked Petitioner if that was correct, and Petitioner said "Yes, sir, it is." The judge then explained, "Okay. Very well. I don't know what the score sheet would call for or what the potential consequences are if you were to be found guilty, but this is kind of your last chance to accept any plea offers." *Id*. Defendant simply responded, "Yes." *Id*. Following a jury trial, Petitioner was found guilty of robbery,

---

[1] After being released on bond in 2018 CF 749, Petitioner was arrested for robbery and kidnapping in 2018 CF 1721, in which he allegedly entered the car of a stranger without permission, took her cell phone away, forced her to drive around town, and demanded money from her to buy alcohol. Arrest Affidavit, May 20, 2018, available at https://www.alachuaclerk.org/lindas/gis/.

Case No. 1:22cv271-AW-HTC

Doc. 6-11 at 48, and on December 12, 2018, he was sentenced to 15 years in prison. *Id.* at 50.

## B.  Postconviction History and Timeliness

Petitioner appealed, 1D18-5159, and the First District Court of Appeals ("First DCA") affirmed *per curiam* without written opinion, on January 7, 2020. Doc. 6-8.  Petitioner did not seek review in the United States Supreme Court, so the conviction became final when the ninety (90) days to do so expired, or on April 6, 2020.  *See Bond v. Moore*, 309 F.3d 770, 773–74 (11th Cir. 2002) (holding a state prisoner's conviction becomes final when the U.S. Supreme Court denies certiorari, issues a decision on the merits, or when the 90-day period to file a petition for certiorari expires).  The AEDPA one-year time limit began to run (and ran for 295 days) until Petitioner filed a post-conviction motion under Florida Rule of Criminal Procedure 3.850 ("Rule 3.850 motion") on January 26, 2021.  Doc. 6-11 at 21.  That motion was continuously pending through its denial on January 28, 2022, *id.* at 36, denial of rehearing, *id.* at 78, an appeal, Doc. 6-12, an affirmance without written opinion, Doc. 6-14, denial of rehearing, Doc. 6-16, and the issuance of the mandate on February 21, 2022.  Doc. 6-17.

The AEDPA one-year limit began running again and ran for 62 days until April 24, 2022 (for a total of 357), when Petitioner filed his Motion to Correct Illegal Sentence.  Doc. 6-18 at 22.  That motion was continuously pending through its denial, *id.* at 32, an appeal and affirmance *per curiam* without written opinion in

Case No. 1:22cv271-AW-HTC

1D22-1774, Doc. 16-19, until the mandate was issued in that appeal on November 21, 2022.  In the meantime, the instant federal petition was filed through counsel on October 27, 2022.  Doc. 1.  Therefore, the petition is timely.

## II. LEGAL STANDARDS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs a state prisoner's petition for habeas corpus relief.  28 U.S.C. § 2254.  Under the AEDPA, relief may only be granted on a claim adjudicated on the merits in state court if the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  This standard is both mandatory and difficult to meet.  *White v. Woodall*, 572 U.S. 415, 419 (2014).

"Clearly established federal law" consists of the governing legal principles set forth in the decisions of the United States Supreme Court when the state court issued its decision.  *Id.*  A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts.  *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown v. Payton*, 544 U.S. 133, 134 (2005); *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams v. Taylor*, 529 U.S. 362, 407 (2000)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Petitioner's grounds for relief include an ineffective assistance of trial counsel ("IATC") claim. To succeed on an IATC claim, Petitioner must show that (1) counsel's performance during representation fell below an objective standard of reasonableness, and (2) prejudice resulted, *i.e.*, that a reasonable probability exists that but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential. *Id.* at 689. The defendant bears the burden of proving that counsel's performance was unreasonable

under prevailing professional norms and that the challenged action was not sound strategy. *Id.* at 688-89

*Strickland*'s prejudice prong requires a petitioner to allege more than simply that counsel's conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. The petitioner must show a reasonable probability exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Bare allegations the petitioner was prejudiced by counsel's performance are not enough. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987).

### III. DISCUSSION

**A. Ground One: Trial Court Error in Admitting Evidence of Discovery of Drug Paraphernalia and Possible Use by Petitioner**

Petitioner argues he was denied his rights under the Fifth and Fourteenth Amendments to the United States Constitution when the lower court allowed testimony regarding the discovery of drug paraphernalia in the vehicle and its potential use by Petitioner on the night of the alleged offense. He contends the probative value of this evidence was substantially outweighed by its prejudicial effect on the jury, and it was not relevant to any fact the State needed to establish to prove its case. Doc. 1 at 18-19. Respondent argues Petitioner failed to exhaust this issue by fairly presenting it to the state courts as a federal issue. The undersigned agrees.

A federal habeas petitioner must exhaust his claims in state court before presenting them in his federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). Moreover, the exhaustion requirement is not satisfied unless the petitioner fairly presents his claim in each appropriate state court and alerts that court to the *federal* nature of the claim. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). A petitioner can "indicate the federal basis for his claim" by citing the federal source of law in conjunction with the state law claim, citing a case deciding such a claim on federal grounds, or simply labeling the claim as "federal." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Here, Petitioner did not exhaust this claim for relief because he did not raise it as a federal claim.

Petitioner raised a similar argument on direct appeal but failed to present the issue as based on federal law. Doc. 6-5 at 16. Instead, Petitioner argued the evidence was irrelevant and prejudicial under Florida Statutes Section 90.404(2)(a) and that the court failed to conduct the balancing test for such evidence required under Florida Statutes Section 90.403. Petitioner relied only on Florida state statutes and case law and did not mention a violation of federal law, cite federal case law, constitutional provisions or statutes, or even mention "fundamental fairness" anywhere in the initial brief. Petitioner thus failed to fairly present this ground as a federal claim in state court. *See Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)

Case No. 1:22cv271-AW-HTC

("[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."); *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (stating that, to have been "fairly presented" to the state courts, a claim must be brought in such a way "that a reasonable reader would understand [the] claim's particular legal basis and specific factual foundation") (quoting *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317, 1344-45 (11th Cir. 2004)).

Petitioner admits in his reply that he did not "federalize" this claim. He argues, nonetheless, that the Court should consider it on the merits for cause and actual prejudice. *See Seabrooks v. United States*, 32 F.4th 1375, 1384 (11th Cir. 2022) ("To overcome a procedural default, a defendant must show either (1) cause and prejudice, or (2) a miscarriage of justice, or actual innocence.").[2] The Court disagrees.

To show "cause," a Petitioner must point to an objective factor external to the defense that impeded the effort to raise the claim properly in the state court. *Harris v. Comm'r, Ala. Dep't of Corr.*, 874 F. 3d 682, 688 (11th Cir. 2017). Petitioner, however, has not pointed to any external factor that impeded his ability to adequately raise this claim in his direct appeal. "In order to establish prejudice to excuse a

---

[2] Petitioner does not argue there was a miscarriage of justice, which is an "exception used in extraordinary circumstances," to protect those who are "actually innocent." *See Johnson v. Singletary,* 938 F. 2d 1166, 1174-75 (11th Cir. 1991).

Case No. 1:22cv271-AW-HTC

default, the petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different absent the constitutional violation." *Raleigh v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 938, 957 (11th Cir. 2016) (quotation marks omitted). In the absence of cause, however, prejudice alone is not enough to overcome a procedural bar. *Jeffery v. Warden*, 817 F. App'x 747, 751 (11th Cir. 2020). Regardless, the Court finds a lack of prejudice. Although Petitioner argues the evidence was irrelevant and should not have been admitted, Petitioner has not shown that whether there was drug paraphernalia found in the car or whether he had used drugs would have made a difference to the jury's guilty verdict.

Thus, Petitioner is not entitled to relief on Ground One.

**B.     Ground Two: IATC for Allowing Him to Reject a Plea**

Petitioner argues counsel was ineffective for failing to tell him "a conviction for theft was inevitable and the consequences of not accepting a favorable plea would subject him to a 15-year sentence." Doc. 1 at 29.

The standard set forth in *Strickland* applies to ineffective assistance of counsel claims arising out of the plea process, including to the negotiation and consideration of pleas that are rejected or lapse. *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014). "Counsel has an obligation to consult with his client on important decisions and to keep him informed of important developments in the course of the prosecution." *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991). This

obligation includes informing a client about formal plea offers presented by the government and correctly advising a client about such offers. Failure to do so is ineffective assistance of counsel. *See Missouri v. Frye*, 566 U.S. 134, 144-45 (2012); *Lafler v. Cooper*, 566 U.S. 156 (2012).

In the context of a rejected plea offer, the prejudice prong requires the movant to show "a reasonable probability that but for counsel's ineffectiveness: (1) 'the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)'; (2) 'the court would have accepted its terms'; and (3) 'the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.'" *Osley*, 751 F.3d at 1222 (quoting *Lafler*, 566 U.S. at 164).

Petitioner exhausted this claim by raising it in his Motion for Postconviction Relief, Doc. 6-11 at 21, and on appeal, Doc. 6-12 at 14. Because the First DCA issued a *per curiam* affirmance of the denial of the Rule 3.850 Motion without a written opinion, Doc. 6-14, this Court will "look through" that decision to the last related state-court decision that provides a relevant rationale, presume that the unexplained decision adopted the same reasoning, and apply the AEDPA deference to that decision. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). Here, that last decision comes from the circuit court's order denying the Motion for Postconviction Relief. Doc. 11 at 36.

Case No. 1:22cv271-AW-HTC

The circuit court judge that denied the Rule 3.850 motion, Hon. James Colaw, was the same judge who would have been presented the plea deal for approval. He applied *Strickland* and *Lafler* and found that Petitioner did not establish prejudice or deficient performance. First, the judge found no prejudice because he would never have accepted a five-year sentence because, while Petitioner was on pretrial release, he committed other offenses and has an extensive criminal history. Doc. 6-11 at 38-39. Second, the judge found no deficient performance, explaining that the decision to not accept a plea was a reasonable strategic decision. The judge explained that some evidence existed to support a defense that the event was not a robbery. For example, during his deposition, the victim stated he voluntarily gave Petitioner his phone. Doc. 6-11 at 39. Also, when they were stopped by law enforcement, the phone was found in the victim's vehicle, not Petitioner's person. *Id.* at 39-40. Furthermore, there was no evidence Petitioner overtly threatened the victim. *Id.* at 40. Thus, the circuit court did not agree with Petitioner that it was "inevitable" he would be found guilty of robbery. *See id.*

These conclusions were not contrary to, and did not involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d). With regard to the prejudice prong, Petitioner has offered nothing to rebut the state judge's findings regarding his own likelihood to accept the plea's terms, which this Court must accept as true. *See Green v. McNeil*, 09-23000-CIV, 2010 WL 3833976, at *10 (S.D. Fla. July 16, 2010), *report and*

Case No. 1:22cv271-AW-HTC

*recommendation adopted*, 09-23000-CIV, 2010 WL 3833967 (S.D. Fla. Sept. 30, 2010) ("Where the judge presiding over the trial proceedings is the same judge presiding over the post-conviction proceedings, the presumption of correctness afforded the findings of fact of the state court is particularly strong."). And because the trial judge would not have accepted the plea, Petitioner could not have been prejudiced by counsel's failure to tell him to accept it -- even if true.

With regard to the performance prong, as the trial court determined, the facts and evidence showed that Petitioner had a chance to be acquitted of the robbery charge. Indeed, in his petition, Petitioner *admits* "the possibility of getting an acquittal for robbery was possible based on the state's necessity to prove [Petitioner] had used force, violence, assault, or putting in fear in the course of the taking." Doc. 1 at 29. He acknowledges, what the circuit court pointed out, that "the evidence was at least disputable." *Id.* The circuit court, therefore, did not err in concluding that trial counsel's failure to advise the Petitioner to take the 5-year plea, even if true, was a strategic one, and thus, not ineffective.

"[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Nance v. Warden, Georgia Diagnostic Prison*, 922 F.3d 1298, 1302 (11th Cir. 2019) (citing *Strickland v. Washington*, 466 U.S. 668, 690 (1984)). "Strickland mandated one layer of deference to the decisions of trial counsel. . . . When § 2254(d) was amended by AEDPA in 1996, that added another layer." *Nance*, 922 F.3d at 1303. Given the

Case No. 1:22cv271-AW-HTC

deference due, it is a "rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding." *Johnson v. Sec'y*, DOC, 643 F.3d 907, 911 (11th Cir. 2011). And, "it is rarer still for merit to be found in a claim that challenges a strategic decision of counsel." *Nance*, 922 F.3d at 1303. Petitioner is thus not entitled to habeas relief on Ground Two.

## IV.   CONCLUSION

### A.   Evidentiary Hearing

The undersigned finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Additionally, this Court must take into account the deferential standards prescribed by § 2254. *See id.* Upon consideration, the undersigned finds that the claims in this case can be resolved without an evidentiary hearing. *See Schriro*, 550 U.S. at 574.

### B.   Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing

Case No. 1:22cv271-AW-HTC

required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "[B]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this Report and Recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition under 28 U.S.C. § 2254, challenging the conviction in *State v. Green*, 2018 CF 749, in the Eighth Judicial District, in and for Alachua County, Florida, Doc. 1, be DENIED without an evidentiary hearing.

2. That a certificate of appealability be DENIED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 9th day of January 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.